**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| MARY MARCHESE, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:17-cv-00128 |
| ROCKWELL COLLINS, INC., ANTHONY J. CARBONE, CHRIS A. DAVIS, RALPH E. EBERHART, JOHN A. EDWARDSON, RICHARD G. HAMERMESH, DAVID LILLEY, ROBERT K. (KELLY) ORTBERG, ANDREW J. POLICANO, CHERYL L. SHAVERS, JEFFREY L. TURNER, JOHN T. WHATES, UNITED TECHNOLOGIES CORPORATION and RIVETER MERGER SUB CORP. | ) ) ) ) ) ) ) ) ) ) ) ) | CLASS ACTION<br><br>JURY TRIAL DEMANDED |
| Defendants. | | |

**COMPLAINT FOR VIOLATION OF SECTIONS 14(A) AND 20(A)**
**OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff Mary Marchese ("Plaintiff"), by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      This action stems from a proposed transaction announced on September 4, 2017 (the "Proposed Transaction"), pursuant to which Rockwell Collins, Inc. ("Rockwell" or the "Company") will be acquired by United Technologies Corporation ("Parent") and its wholly-owned subsidiary, Riveter Merger Sub Corp. ("Merger Sub," and together with Parent, "UTC").

2. On September 4, 2017, Rockwell's Board of Directors (the "Board" or the "Individual Defendants") caused the Company to enter into a definitive agreement and plan of merger (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, shareholders of Rockwell will receive $93.33 in cash and a portion of a share of Parent's common stock having a value equal to the quotient obtained by dividing $46.67 by the average of the volume-weighted average prices per share of Parent common stock on the New York Stock Exchange (the "NYSE") for each of the 20 consecutive trading days ending immediately prior to the closing date, subject to a two-way 7.5% collar centered on Parent's August 22, 2017 closing share price of $115.69. A press release issued that day by Parent set forth the following, in relevant part:

> FARMINGTON, Conn. and CEDAR RAPIDS, Iowa, Sept. 4, 2017 /PRNewswire/ -- United Technologies Corp. (NYSE: UTX) ("UTC") and Rockwell Collins, Inc. (NYSE: COL) ("Rockwell Collins") today announced that they have reached a definitive agreement under which United Technologies will acquire Rockwell Collins for $140.00 per share, in cash and UTC stock.
>
> Rockwell Collins is a leader in aviation and high-integrity solutions for commercial and military customers and is globally recognized for its leading-edge avionics, flight controls, aircraft interior and data connectivity solutions. On a 2017 pro forma basis, its estimated sales are greater than $8 billion.
>
> "This acquisition adds tremendous capabilities to our aerospace businesses and strengthens our complementary offerings of technologically advanced aerospace systems," said UTC Chairman and Chief Executive Officer Greg Hayes. "Together, Rockwell Collins and UTC Aerospace Systems will enhance customer value in a rapidly evolving aerospace industry by making aircraft more intelligent and more connected."
>
> "The integrated companies' expertise in developing electrical, mechanical and software solutions will allow us to deliver more innovative products and services and provide greater value to our customers and shareowners," Hayes continued. "This combination will also create new opportunities for the talented employees of both companies to advance innovation in a growing and dynamic industry. Importantly, UTC and Rockwell Collins share cultures of mutual trust and respect, accountability and teamwork that will allow us to work together to achieve our common goals."

2

"We are extremely pleased to announce this compelling transaction with UTC which is a testament to the value we have created for Rockwell Collins' employees, customers and shareowners," said Kelly Ortberg, Chairman, President and Chief Executive Officer of Rockwell Collins. "The combination will enable us to compete more effectively for future business through continued investments in innovation, world-class integrated product offerings and the ability to retain the top talent in the industry. We look forward to the next chapter in Rockwell Collins' long and proud history, as part of UTC."

Under the terms of the agreement, each Rockwell Collins shareowner will receive $93.33 per share in cash and $46.67 in shares of UTC common stock, subject to a 7.5 percent collar centered on UTC's August 22, 2017 closing share price of $115.69. UTC expects to fund the cash portion of the transaction consideration through debt issuances and cash on hand, and the company is committed to taking actions to maintain strong investment grade credit ratings. The transaction is projected to close by the third quarter of 2018, subject to approval by Rockwell Collins' shareowners, as well as other customary closing conditions, including the receipt of required regulatory approvals.

The purchase price implies a total equity value of $23 billion and a total transaction value of $30 billion, including Rockwell Collins' net debt.

On a pro-forma 2017 basis, UTC is expected to have global sales of approximately $67 to $68 billion following the transaction, based on estimated results.

UTC expects the combination will be accretive to adjusted earnings per share after the first full year following closing and generate an estimated $500+ million of run-rate pre-tax cost synergies by year four.

Upon completion of the transaction, Rockwell Collins and UTC Aerospace Systems will be integrated to create a new business unit named Collins Aerospace Systems. Kelly Ortberg will assume the role of Chief Executive Officer with Dave Gitlin serving as President and Chief Operating Officer.

"We have demonstrated we can successfully integrate large acquisitions into our business and I have full confidence that the team has the capability to do it again," Hayes said. "Once we have completed the integration of Rockwell Collins and made progress towards reducing leverage back to historical levels, we will have an opportunity to explore a full range of strategic options for UTC."

3. On or about October 10, 2017, defendants issued materially incomplete and misleading disclosures in the S-4 Registration Statement (the "Registration Statement") filed

with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction. The Registration Statement is deficient and misleading in that it fails to provide adequate disclosure of material information related to the Proposed Transaction (as set forth in greater detail below).

4. Accordingly, in connection with the Registration Statement, Plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, an owner of Rockwell common stock.

9. Defendant Rockwell is a Delaware corporation with its principal executive offices located at 400 Collins Road NE, Cedar Rapids, Iowa 52498. Rockwell's common stock is traded on the NYSE under the ticker symbol "COL."

4

10. Defendant Anthony J. Carbone ("Carbone") has served as a director of the Company since 2001 and serves as Lead Independent Director. He served as the Company's Non-Executive Chairman from August 2014 to November 2015 and he served as the Company's Lead Independent Director from November 2012 until August 2014.

11. Defendant Chris A. Davis ("Davis") has served as a director of the Company since 2002 and is the Chairman of the Audit Committee and a member of the Executive Committee and the Corporate Strategy and Finance Committee.

12. Defendant Ralph E. Eberhart ("Eberhart") has served as a director of the Company since 2007 and is the Chairman of the Compensation Committee and a member of the Technology and Cybersecurity Committee.

13. Defendant John A. Edwardson ("Edwardson") has served as a director of the Company since 2012 and is the Chairman of the Corporate Strategy and Finance Committee and a member of the Compensation Committee and the Executive Committee.

14. Defendant Richard G. Hamermesh ("Hamermesh") has served as a director of the Company since April 2017.

15. Defendant David Lilley ("Lilley") has served as a director of the Company since 2008 and is a member of the Audit Committee, the Board Nominating and Governance Committee and the Corporate Strategy and Finance Committee.

16. Defendant Robert K. (Kelly) Ortberg ("Ortberg") has served as a director of the Company since 2013 and along with being the Chairman of the Board, he is also the Chairman of the Executive Committee. Ortberg has served as the Company's Chief Executive Officer ("CEO") since August 2013 and has served as the Company's President since 2012. He served as the Company's Executive Vice President, Chief Operating Officer, Government Systems from

February 2010 to September 2012 and as the Executive Vice President, Chief Operating Officer, Commercial Systems from October 2006 to February 2010.

17.     Defendant Andrew J. Policano ("Policano") has served as a director of the Company since 2006 and is the Chairman of the Board Nominating and Governance Committee and a member of the Audit Committee.

18.     Defendant Cheryl L. Shavers ("Shavers") has served as a director of the Company since 2002 and is Chairman of the Technology and Cybersecurity Committee and a member of the Board Nominating and Governance Committee.

19.     Defendant Jeffrey L. Turner ("Turner") has served as a director of the Company since 2011 and is a member of the Compensation Committee, the Technology and Cybersecurity Committee and the Corporate Strategy and Finance Committee.

20.     Defendant John T. Whates ("Whates") has served as a director of the Company since April 2017.

21.     The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

22.     Defendant Parent, a party to the Merger Agreement, is a Delaware corporation with its principal place of business located at 10 Farm Springs Road, Farmington, Connecticut 06032.  Parent's common stock trades on the NYSE under the ticker symbol "UTX".

23.     Defendant Merger Sub, a party to the Merger Agreement, is a Delaware corporation and a wholly-owned subsidiary of Parent.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action on her own behalf and as a class action on behalf of all holders of Rockwell stock (the "Class").  Excluded from the Class are defendants herein and any

person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25.     This action is properly maintainable as a class action.

26.     The Class is so numerous that joinder of all members is impracticable. As of September 1, 2017, there were approximately 174,981,559 shares of Rockwell common stock outstanding, held by at least hundreds (and most likely by thousands) of individuals and entities scattered throughout the country.

27.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm Plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

28.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff has the same interests as the other members of the Class. Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

29.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30.     Preliminary and final injunctive relief on behalf of the Class as a whole is entirely appropriate because defendants have acted, or refused to act, on grounds generally applicable

and causing injury to the Class.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company*

31.     According to its public filings, Rockwell is a leader in aviation and high-integrity solutions for commercial and military customers around the world. The Company states that it helps pilots safely and reliably navigate to the far corners of the earth; keeps warfighters aware and informed in battle; delivers millions of messages for airlines and airports; and helps passengers stay connected and comfortable throughout their journey. As self-described experts in flight deck avionics, cabin electronics, cabin interiors, information management, mission communications, and simulation and training, the Company states that it offers a comprehensive portfolio of products and services that can transform customers' futures. The Company operates through the following four segments: Commercial Systems, Interior Systems, Information Management Services, and Government Systems.

32.     On October 23, 2016, a press release announced that the Company entered into an agreement to acquire B/E Aerospace, Inc. ("B/E Aerospace") for total consideration of $8.3 billion ($6.4 billion in cash and stock, plus the assumption of $1.9 billion in net debt). B/E Aerospace is a manufacturer of aircraft interior products and services. This acquisition was completed on April 13, 2017.

33.     Less than five months later, the Board caused the Company to enter into the Merger Agreement with UTC, pursuant to which UTC will acquire Rockwell in the Proposed Transaction.

### *The False and Misleading Registration Statement*

34.     Defendants filed (or caused the filing of) the Registration Statement with the SEC

8

in connection with the Proposed Transaction. As discussed below and elsewhere herein, the Registration Statement omits material information that must be disclosed to Rockwell's stockholders to enable them to render an informed decision with respect to the Proposed Transaction.

35. As an initial matter, the Registration Statement omits material information regarding the Company's financial projections and valuation analysis performed by Citigroup Global Markets Inc. ("Citigroup") and J.P. Morgan Securities LLC ("J.P. Morgan") (collectively, the "Banks"), who served as Rockwell Collins' financial advisors.

36. The disclosure of projected financial information is material due to the fact that it provides shareholders with a basis with which to project the future financial performance of a corporation, as well as allowing shareholders to have a greater understanding of the financial analyses performed by a company's financial advisor in support of a fairness opinion. Further, when a company touts a banker's endorsement of the fairness of a transaction, the valuation method used to arrive at the opinion (along with the key inputs and range of ultimate values generated by those analyses) must also be disclosed.

37. Regarding the Company's financial projections, the Registration Statement discloses certain of the Company's projections for non-GAAP metrics, including, EBITDA, EBIT, free cash flow, and unlevered free cash flow, but it fails to provide shareholders with the necessary line item projections for the metrics used to calculate these non-GAAP measure or otherwise reconcile the non-GAAP projections to the most comparable GAAP measures.

38. So as not to mislead shareholders with non-GAAP financial measures in business combinations, publicly traded companies (such as Rockwell) are required to provide a reconciliation of the difference between non-GAAP financial measures with the most

comparable financial measures calculated and presented in accordance with GAAP. Defendants acknowledge in the Registration Statement that "Each of the foregoing metrics (EBIT, EBITDA, EBIAT, free cash flow and unlevered free cash flow) is a non-GAAP financial measure and none of these metrics should be considered as an alternative to operating income or net income as a measure of operating performance or cash flow or as a measure of liquidity." Thus, shareholders are entitled to the line item projections used to calculate the Company's non-GAAP projections or a reconciliation of the non-GAAP projections to the most comparable GAAP measures.

39.　　Further, the Registration Statement fails to disclose any financial projections of UTC. This is particularly troubling due to the fact that approximately one-third of the merger consideration Rockwell shareholders will receive in the Proposed Transaction is in the form of Parent stock.

40.　　Regarding the Banks' Equity Research Analyst Price Targets, the Registration Statement fails to disclose the individual price targets set by each of the equity research analysts that the bankers relied upon in their analysis.

41.　　The omission of this material information renders the Registration Statement false and misleading. This includes, but is not necessarily limited to, the following sections of the Registration Statement: (i) "Opinions of Rockwell Collins' Financial Advisors"; and (ii) "Certain Rockwell Collins Unaudited Prospective Financial Information."

42.　　Moreover, the Registration Statement fails to disclose material information regarding potential conflicts of interest of the Company's officers.

43.　　The Registration Statements sets forth that, with respect to the Proposed Transaction, "Two executive officers who are not named executive officers have been granted retention bonus awards equal to $285,000 and $280,000, respectively." However, the

Registration Statement fails to disclose the actual identity of these executive officers, whether they were involved in the negotiations concerning the Proposed Transaction, and the timing and nature of all communications regarding these retention agreements (including who participated in such communications).

44.     The Registration Statement indicates that pursuant to the Merger Agreement, the Company may grant equity awards in November 2017 to employees of the Company (including the executive officers).  Further, if the Proposed Transaction is completed on or after November 1, 2018 and prior to February 1, 2019, Parent will grant equity awards in respect of shares of Parent common stock to employees who received ordinary course restricted stock unit awards in November 2017, including the executive officers of the Company.  However, the Registration Statement fails to disclose any information pertaining to the nature and timing of communications regarding these additional equity grants to the Company's executive officers and employees, including who participated in such communications and who proposed these equity grants.

45.     The full disclosure of information relating to potential conflicts of interest faced by directors and officers in connection with a merger is necessary to provide shareholders with clarity concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

46.     The omission of this material information renders the Registration Statement false and misleading, including (but not necessarily limited to) the following sections of the Registration Statement: (i) "Background of the Merger," and (ii) "Interests of Directors and Executive Officers of Rockwell Collins in the Merger."

47.     The above-reference omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Rockwell

48.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.   Rockwell is liable as the issuer of these statements.

50.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.   By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

51.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

52.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

53.     The Registration Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

54. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

55. Because of the false and misleading statements in the Registration Statement, Plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and UTC

56. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57. The Individual Defendants and UTC acted as controlling persons of Rockwell within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Rockwell and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

58. Each of the Individual Defendants and UTC was provided with or had unlimited access to copies of the Registration Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

59. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were

thus directly in the making of the Registration Statement.

60.     UTC also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

61.     By virtue of the foregoing, the Individual Defendants and UTC violated Section 20(a) of the 1934 Act.

62.     As set forth above, the Individual Defendants and UTC had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.   As a direct and proximate result of defendants' conduct, Plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding Plaintiff the costs of this action, including reasonable allowance for

Plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 2, 2017                          Respectfully submitted,


                                                 */s/ Kimberley K. Baer*
                                                 Kimberly K. Baer AT0000683
                                                 Baer Law Office
                                                 838 5th Avenue
                                                 Des Moines, IA 50309
                                                 Tel: (515) 279-2000
                                                 Fax: (515) 279-2137
                                                 kbaer@baerlawoffice.com

                                                 **PROFY PROMISLOFF &
                                                 CIARLANTO, P.C.**
                                                 DAVID M. PROMISLOFF
                                                 JEFFREY J. CIARLANTO
                                                 5 Great Valley Parkway, Suite 210
                                                 Malvern, PA 19355
                                                 Tel: (215) 259-5156
                                                 Fax: (215) 600-2642
                                                 david@prolawpa.com
                                                 ciarlanto@prolawpa.com

## CERTIFICATION OF PLAINTIFF

I, Mary Marchese ("Plaintiff"), hereby declare as to the claims asserted under the federal securities laws that:

1.   Plaintiff has reviewed the complaint and authorizes its filing.

2.   Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.   Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, and I will testify at deposition or trial, if necessary. I understand that this is not a claim form and that I do not need to execute this Certification to share in any recovery as a member of the class.

4.   Plaintiff's purchase and sale transactions in the Rockwell Collins, Inc. (NYSE: COL) security that is the subject of this action during the class period is/are as follows:

**PURCHASES**

| Buy Date | Shares | Price per Share |
|---|---|---|
| Sept. 24, 2008 | 53 | $46.67 |
| | | |
| | | |
| | | |

**SALES**

| Sell Date | Shares | Price per Share |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

*Please list additional transactions on separate sheet of paper, if necessary.*

5.   Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including Plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6. During the three years prior to the date of this Certification, Plaintiff has not moved to serve as a representative party for a class in an action filed under the federal securities laws.

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of October, 2017.

Mary Marchese
Mary Marchese